

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2003

# USA v. Murphy

Precedential or Non-Precedential: Precedential

Docket No. 01-3757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Murphy" (2003). *2003 Decisions.* Paper 424.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/424

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 4, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3757

_____

UNITED STATES OF AMERICA

v.

PETER A. MURPHY, *Appellant*

_____

Present: SCIRICA, *Chief Judge*, McKEE and BECKER,
*Circuit Judges*

(Opinion Filed March 19, 2003)

_____

**ORDER AMENDING OPINION**

_____

It having been called to our attention that in footnote 4 of this opinion, in citing to the case of *United States v. Panarella*, 277 F.3d 678 (3d Cir. 2002), we misstated the nature of the charge of which the defendant there was convicted, we hereby amend the opinion to correctly state the charge, noting that this change has no effect on the ratio decidendi or outcome of the case.

In the second sentence of footnote 4, delete the phrase, "a private businessman who bribed a Pennsylvania State Senator, but the," and replace it with, "the owner of a tax collection business, and he had hired a Pennsylvania State Senator as a consultant who did not disclose his income from the defendant as required by state law. The." The amended footnote shall read in full:

> In *Antico,* the defendant was himself a public official. In *Panarella*, the defendant was the owner of a tax

collection business, and he had hired a Pennsylvania State Senator as a consultant who did not disclose his income from the defendant as required by state law. The Government's theory was that the defendant was guilty of being an accessory after the fact under 18 U.S.C. § 3 to a wire fraud scheme to deprive the public of the State Senator's honest services in violation of 18 U.S.C. §§ 1343, 1346. 277 F.3d at 689. Thus, the central inquiry was whether the State Senator had committed honest services wire fraud—not whether the defendant had done so.

BY THE COURT:

/s/Edward R. Becker
Circuit Judge

Date: June 4, 2003

A True Copy:
     Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*